Loring, J.,
delivered the opinion of the court :
The petitioner claims that as a colonel in the army he was entitled to the pay, rations, and clothing of two servants, or money in lien thereof; that is thirty-two dollars per month from the first day of May, 1864, to the third day of March, 1865. That he was paid only at the rate of twenty-two dollars per month, as the pay of his said servants, and that there remains due him the sum of one hundred and one dollars, for which this suit is brought.
The rate of a servant’s pay was fixed in 1812 at the pay of a private soldier, and from that date to this such rate has remained unchanged ; but the amount of a servant’s pay during that time has varied continually, because the amount of a private soldier’s pay has varied with each successive act relating to the subject. By the act of July 6, 1812, it was $5 per month; by the act of December, 1812, it was $8 per month ; by the act of 1838 it was $7 per month; by the act of 1854 it was $11 per month; and by the act of August, 1861, it was $13 per month. And under this last-mentioned act officers, who elected to commute the pay, rations, and subsistence of a servant *365 for money, were entitled to and received $13 per month for each servant, until the act of July 17, 1862, which is the ground of defence in this case.
The first section of the act of August 6, 1861, is as follows :
“ That the pay of the privates in the regular army and volunteers in the service of the United States shall be thirteen dollars per month, for three years from and after the passage of this act until otherwise fixed by law.”
The fourth section of the act of July 17, 1S62, is as follows :
“ That the first section of the act, approved August 6, 1861, &c., shall not he so construed after the passage of this act as to increase the emoluments of the commissioned officers of the army.”
Now, the fourth section of the act of 1862 repeals nothing and construes nothing, because its operation is, by its express terms, confined to the first section of the act of August 1861, and it leaves that to act according to its terms on the only subject to which it relates, and it leaves all preceding acts untouched; and all that the fourth section of the act of 1862 does is to bar the use of the first section of the act of 1861 as a means of computing the pay of officers’ servants. But when the first section of the act of 1S61 was repealed the bar necessarily ceased, because, as by its terms it wasconfined to the first section of the act of 1861, there was then nothing left for it to act upon, and it could not he applied to any other act.
The fhst section of the act of 1861, which made the pay of a private soldier thirteen dollars per month, was repealed by the act of 1864, which made their pay sixteen dollars per month. And then, as under the earlier acts first referred to, the rate of a servant’s pay was that of a private soldier. Sixteen dollars per month was the amount of a servant’s pay, and this the officer was entitled to draw in money.
If this result of the acts cited were doubtful, we think it would he clearly established by the act of March 3,1865, which enacts, “ That the measure of allowance for pay of an officer’s servant is the pay of a private soldier, as fixed by law at the time.” This necessarily means at the time the allowance is to be made, and it is, we think, a declaratory statute, construing the acts relating to the subject, and fixing imperatively for judicial action their result as above stated.
.The decision of the court is that the demurrer he overruled and judgment entered for the petitioner for the sum of one hundred and one dollars.
Judge Pecic did not sit at the hearing of the case.